■ MICHAEL CARDILLO, Appellant, v. AMERICAN TELEPHONE & TELEGRAPH COMPANY, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 21, 1965, which (a) denied his motion, among other things, to direct the continuation of the pretrial examination of defendant, and for rulings on objections interposed by defendant at such examination, except to the extent of permitting plaintiff to make application to the court for the appointment of a private referee to rule on the objections at plaintiff's expense; and (b) granted defendant's cross motion to terminate such examination. Order reversed, without costs, defendant's cross motion denied, and plaintiff's motion is granted as follows: (a) Defendant is directed to appear by witness Johnson for a continuation of the examination at Special Term upon 10 days' written notice served by plaintiff upon defendant within 15 days after entry of an order hereon; (b) on or before the date scheduled for such examination, plaintiff shall apply at Special Term for rulings on all objections interposed at the October 9, 1964 examination of witness Johnson; (c) such continued examination shall be conducted under the supervision and control of Special Term; (d) the unexecuted deposition of witness Roden is declared a nullity and all questions addressed to such witness and matters inquired into may be pursued *de novo* within the limitations herein set forth, without prejudice to defendant's right to interpose objections *de novo,* if so advised; (e) such examination is limited to all the relevant facts and circumstances in connection with the accident involving the dumbwaiter, its maintenance and control, including negligence, contributory negligence, liability with respect thereto and damages resulting therefrom; (f) defendant is directed to produce at such examination all books and papers specifically designated in the notice of examination before trial dated December 9, 1960, and for the purpose therein set forth, all other books, papers, records, etc., therein mentioned, as, in the discretion of Special Term, are relevant and relate to the matters in controversy involving the dumbwaiter; (g) the continued examination of witness Johnson is without prejudice to a further motion by plaintiff, if so advised, to direct the defendant to appear for a further examination by a sufficient number of its agents, employees or officers having such requisite knowledge of all such facts and circumstances within the scope of the examination (as herein limited) as the examination of witness Johnson may disclose he does not possess. In all other respects the motion is denied. In our opinion, it was an improvident exercise of discretion to terminate the examination. Equally improvident was the direction for rulings by a private referee at plaintiff's expense, in view of the contribution to the length of the colloquy between counsel by defendant's attorney and his interposition of innumerable untenable objections. By stipulating to continue the examination, defendant waived any claim of *laches* or any objection to a continuation of the examination after the case was noticed for trial. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ MICHAEL CARDILLO, Appellant, v. AMERICAN TELEPHONE & TELEGRAPH COMPANY, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from two orders of the Supreme Court, Westchester County: one entered July 3, 1965, which granted defendant's motion to vacate plaintiff's notice of discovery and inspection in its entirety, and the other entered July 12, 1965 on reargument which adhered to the court's original decision, but modified it to the extent of permitting plaintiff to serve a new notice within 60 days after the entry of an order finally disposing of the issues raised in a prior motion. Appeal from order entered July 3, 1965, dismissed, without costs as academic; that order was superseded by the later order granting reargument. Order entered July 12, 1965, modified by changing the 60-day

period (referred to in its second decretal paragraph) to 30 days after the conclusion of the pretrial examination of defendant. As so modified, the order is affirmed, without costs. In our opinion, the modification is required in the interests of justice. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.